

U.S. BANKRUPTCY COURT
NORTHERN DISTRICT OF TEXAS

ENTERED
TAWANA C. MARSHALL, CLERK
THE DATE OF ENTRY IS
ON THE COURT'S DOCKET

**The following constitutes the ruling of the court and has the force and effect therein described.**

Signed January 27, 2010

United States Bankruptcy Judge

---

MACKIE WOLF & ZIENTZ, P.C.
MICHAEL W. ZIENTZ
14180 N. DALLAS PARKWAY, SUITE 660
DALLAS, TX 75254
(214) 635-2650
(214) 635-2686 - FACSIMILE

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF TEXAS
ABILENE DIVISION**

| | |
|---|---|
| IN RE: DION RAY RODRIGUEZ § <br> AND MECHELLE RUTH § <br> RODRIGUEZ § <br> Debtor § <br> § <br> 2909 VENTURA § <br> ABILENE, TX 79605 § <br> Property | Case No. 09-10363 <br> Chapter 13 |

**AGREED ORDER CONDITIONING AUTOMATIC STAY**

TO THE HONORABLE UNITED STATES BANKRUPTCY COURT:

Came on for consideration the Motion for Relief from Stay filed by AMERICAN HOME MORTGAGE SERVICING, INC., AS MORTGAGE SERVICER, ITS SUCCESSORS AND/OR ASSIGNS (hereinafter MOVANT), a secured creditor in the above entitled and numbered cause. The Court, having considered said Motion, and the agreement of counsel for Movant and for the Debtors as set out herein, is of the opinion that the following Agreed Order should be entered. It is therefore ORDERED, ADJUDGED, AND DECREED that:

1.  Automatic Stay: The Automatic Stay provided by 11 U.S.C. §362 shall remain in effect subject to the terms and conditions outlined herein.

2.  Current Monthly Payments: Debtors shall continue to remit to Movant in a timely manner the regular post-petition monthly payments due pursuant to that certain Note

09-300360-910

and Deed of Trust dated June 16, 2006 and attached as an exhibit to Movant`s Motion for Relief from Stay. The next payment due is the February 2010 payment.

3. <u>Modify Plan</u>: Debtors shall have 30 days from the date of entry of this order to modify Debtor's Chapter 13 Plan to include all post-petition arrearages and attorney`s fees and costs detailed below to be paid by the Chapter 13 Trustee through the Debtor's Chapter 13 Plan. Said total amount consists of post-petition payments, additional fees and costs detailed as follows:

| | | |
|---|---|---|
| Payments | 10/09-01/10 | $4,077.32 |
| Late Charges | | $153.80 |
| Current Attorney Fees | | $650.00 |
| Grand Total | | $4,881.12 |

The "Post Petition Arrearage" specified herein shall constitute an additional secured claim filed by Movant (Additional Claim) in the bankruptcy proceeding and is hereby allowed by the Court. If the Chapter 13 plan has been previously confirmed by the Court under 11 U.S.C. 1325 (Confirmed Plan), Debtor shall promptly modify the Plain, and the Chapter 13 Trustee shall make no distributions to Movant on the Additional Claim until Debtor has filed a modification of the Confirmed Plan pursuant to 11 U.S.C Section 1329 (Post-Confirmation Modification), served the Post-Confirmation Modification on all parties in interest entitled to notice and obtain an Order from the Court approving the Post-Confirmation Modification. If the Plan has not been previously confirmed by the Court, the BORROWER shall promptly modify the Plan prior to confirmation pursuant to 11 U.S.C 1323 to provide for the Additional Claim.

4. <u>Payments to Trustee:</u> Debtors shall remit to the Trustee the monthly payment provided for under the Debtor`s Plan. Debtor shall bring current all delinquent and outstanding payments owed to the Trustee, if applicable, within 30 days of the date the Order is signed by the Bankruptcy Judge.

5. <u>Discharge:</u> Notwithstanding any provisions hereof, the Automatic Stay of 11 U.S.C. §362 shall terminate, if not sooner terminated, upon entry of the Order of Discharge.

6. <u>Conversion to Chapter 7:</u> The payment terms of this Agreed Order shall not survive upon conversion to a case under Chapter 7 of the Code. In the event of conversion, Movant shall not be bound by the payment schedule of this Agreed Order. Upon conversion of this case to a Chapter 7 case, all pre-petition and post petition delinquent payments, fees, and charges due under the Note and Deed of Trust shall

become immediately payable to Movant, and failure to bring the loan contractually current by the date of entry of the conversion order shall be an event of default under the Default Paragraph of this Agreed Order.

7. <u>Effect of Non-sufficient Funds</u>:  Debtors` tendering of a check to Movant which is subsequently returned due to non-sufficient funds in the account upon which the check is drawn shall not constitute payment as required by the terms of this order.

8. <u>Default</u>:  In the event the Debtors fail to comply with the provisions of Paragraphs 2, 3 or 4 of this Agreement, Movant shall send written notice by Regular Mail and by Certified Return Receipt Requested Mail, postage prepaid, to Debtors and to Debtors counsel and shall allow the Debtors a 10-day period from the date of such written notice to cure such delinquent payment(s) or delinquent actions.  Cure payments must be made by certified funds only and Movant may charge Debtor $50.00 for any notice given pursuant to this Order.  In the event Debtors fail to cure such delinquent payment(s) or actions within such 10-day period or in the event that Debtors become delinquent after two (2) notices of default, the Automatic Stay shall terminate as to Movant without further recourse to this Court and Movant shall be allowed to take any and all steps necessary to exercise any and all rights it may have in the collateral described as:

LOT 16, BLOCK D, WYCHWOOD PLAZA ADDITION TO THE CITY OF ABILENE, TAYLOR COUNTY, TEXAS AS SHOWN BY PLAT RECORDED IN PLAT CABINET NO. 2, SLIDE NO. 26-C, PLAT RECORDS, TAYLOR COUNTY, TEXAS.

IT IS FURTHER STIPULATED that the parties agree that Movant may immediately enforce and implement this Order granting relief from the automatic stay and that the provision of Rule 4001(a)(3), Federal Rules of Bankruptcy Procedure, shall not impede the enforcement and implementation of this Order.

Additionally, upon default, Movant shall notify the Court, Debtors, Debtor`s attorney and the Chapter 13 Trustee of the termination of the Automatic Stay and the basis therefore.

IT IS SO ORDERED

#### END OF ORDER ####

Approved As to Form and Substance:

/s/ Pamela Jean Chaney

PAMELA JEAN CHANEY
State Bar No. 24006983
402 CYPRESS, STE. 310
ABILENE, TX 79601
Telephone: (325)673-6699
Facsimile: (325)672-9227
E-mail: pamela@montejwhite.com
ATTORNEY FOR DEBTORS



/s/ Michael W. Zientz

Michael W. Zientz
State Bar No. 24003232
Mackie, Wolf & Zientz, P.C.
Pacific Center I, Suite 660
14180 N. Dallas Parkway
Dallas, TX 75254
Telephone: 214-635-2650
Facsimile: 214-635-2686
Mzientz@mwzlawfirm.com

09-300360-910